UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**TIMOTHY LEE WINTON**,

        Plaintiff,

  v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security**,

        Defendant.

Case No. 3:15-cv-00465-KI

OPINION AND ORDER

    Nancy J. Meserow
    Law Office of Nancy J. Meserow
    7540 SW 51st Ave.
    Portland, OR 92219

        Attorney for Plaintiff

    Billy J. Williams
    Acting United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Janice E. Hebert
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204-2902

Erin F. Highland
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Timothy Winton brought an action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") as well as supplemental security income ("SSI"). I reversed the decision of the Commissioner and remanded for the ALJ to further develop the record.

Pending before me is plaintiff's counsel's Motion for Fees Under the Equal Access to Justice Act ("EAJA"). For the following reasons, I grant the motion and award Winton's attorney $13,178.32 in attorney's fees and $15.00 in costs, for a total of $13,193.32.

## LEGAL STANDARDS

The EAJA provides that the court shall award attorney fees and expenses to a prevailing party in any civil action brought by or against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The test for determining whether the government was

Page 2 - OPINION AND ORDER

substantially justified is whether its position had a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). The burden is on the government to prove substantial justification. *Flores*, 49 F.3d at 569. In evaluating the government's position, the court must look at both the underlying government conduct and the positions taken by the government during the litigation. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If the underlying agency action was not substantially justified, the court need not consider whether the government's litigation position was substantially justified. *Id.* at 872.

"The government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). However, a finding that the agency decision was not supported by substantial evidence is a "strong indication" that the government's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Id.* (quoting *Al-Harbi v. INS*, 284 F.3d 1080, 1085 (9th Cir. 2002)); *Meier*, 727 F.3d at 872 (same).

## BACKGROUND

The ALJ issued her decision without the benefit of the April 2014 opinion of psychologist Mark G. Dillon, Ph.D., because the ALJ did not have records beyond March 20, 2014. The Commissioner argued Dr. Dillon's opinion, which Winton presented to the Appeals Council, did not undermine the substantial evidence supporting the ALJ's decision because Dr. Dillon improperly relied on Winton's complaints and did not support his opinion with his own

Page 3 - OPINION AND ORDER

observations.  Winton, in turn, argued VA records and the doctor's own observations supported the doctor's opinion.  I commented that both the Commissioner and Winton made "valid arguments that must be properly weighed by the ALJ" and that the ALJ should resolve the conflict about whether Winton could still perform the jobs identified by the ALJ.  Op. and Order 16-17.  I also pointed out a remand "is especially appropriate here given the ALJ's findings on Winton's moderate limitation in social functioning, concentration, persistence and pace–findings which appear to be consistent with Dr. Dillon's opinion that Winton should limit his interactions with others and be supervised at work."  *Id.* at 17.  In the end, I concluded Dr. Dillon's opinion meant the ALJ's RFC was no longer supported by substantial evidence.  I instructed the ALJ to consider Dr. Dillon's opinion and, if she did not accept the opinion, clarify how her RFC was consistent with her findings on Winton's moderate limitations in social functioning, concentration, persistence and pace.

In addition, since I reversed and remanded for the ALJ to consider Dr. Dillon's opinion, I also directed her to reconsider her determination about the severity of Winton's depression.  Similarly, I directed the ALJ to evaluate the severity of Winton's sleep apnea, diagnosed in October 2014 after the date of the decision.  Tr. 2100.  In addition, I directed her to reconsider her conclusion about Winton's need for a cane as of November 2013.

## DISCUSSION

I. <u>Availability of Fees Under EAJA</u>

Winton is the prevailing party in this action.  However, the Commissioner insists that both the underlying decision was "substantially justified," as was her position in defense of the underlying decision, findings which would preclude Winton's request for fees under the EAJA.

Page 4 - OPINION AND ORDER

Accordingly, the question is whether the government met its burden of showing (a) its litigation position and (b) the agency decision were "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The Commissioner contends weaknesses in Dr. Dillon's opinion, such as over-reliance on Winton's subjective complaints and an inconsistency with the overall medical record, rendered it unpersuasive. To the contrary, the medical records contained sufficient evidence of depression and its effects on his functionality that the Appeals Council's failure to remand for consideration of Dr. Dillon's opinion was not reasonably justified. *See* Tr. 1195 (describing personality insight issues); Tr. 1179 (tangential and incoherent speech; not intoxicated); Tr. 1180 (social worker declined to refer Winton to VA's compensated work therapy program as he was not "readily employable"); Tr. 1066 (tested negative for amphetamines during this time period); Tr. 1638 (tangential speech); Tr. 2072 (Dr. Dillon's report identified objective evidence of problematic functioning such as his long, detailed responses beyond the scope of the question and lack of eye contact).

Additionally, as I pointed out in the February 1, 2016 Opinion and Order, despite identifying moderate limitations in Winton's social functioning, concentration, persistence and pace, the ALJ neglected to assess corresponding effects on Winton's RFC. With the corroboration of Dr. Dillon's opinion to support the ALJ's conclusion about Winton's moderate limitations in social functioning, concentration, persistence and pace, I found remand "especially appropriate[.]" O&O at 17.

Since the government's underlying position was not substantially justified, I need not discuss the validity of the government's litigation position. *Meier*, 727 F.3d at 872-73.

Page 5 - OPINION AND ORDER

In sum, I find the Commissioner has failed to meet her burden in showing the Appeals Council's decision was substantially justified, and I conclude this is not the unusual case warranting a denial of EAJA fees.

II.     Amount

The Commissioner alternatively argues Winton's counsel's fees are excessive because she should not have spent 86.8 hours on a fairly straightforward case. In addition, the Commissioner suggests Winton achieved only limited success since I did not accept his attorney's request to find him disabled.

Courts "should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotation omitted). Under the EAJA, attorney's fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A). Looking at the facts of each case, courts start by determining the amount of hours reasonably spent on the case multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 433 (1983).

Here, Winton's counsel has voluntarily reduced her fee request to seek payment for 69.44 hours of her work, rather than the 86.8 she actually spent on the case. Winton's attorney's request is eminently reasonable. Winton's attorney had not represented Winton at the administrative level so she was required to read and summarize a record of over 2,000 pages. Additionally, the materiality of Winton's substance abuse as a contributing factor to his disability was central to the ALJ's decision and a factor counsel had to address, rendering this an atypical social security case. To that end, Winton's counsel produced a detailed drug test chronology

which I found instructive.  The ALJ's voluminous decision and the lengthy record, together with the lack of delay, wasteful efforts, or useless arguments, justifies Winton's attorney's fee request.

I disagree with the Commissioner's contention that the size of the record does not justify the hours Winton's counsel spent on the case.  Courts routinely consider the extent of the administrative record in assessing an attorney's hours, and a longer record often justifies a higher fee.  *Williams v. Astrue*, 1:10-cv-00194-CL, 2012 WL 3527224, at *3-4 (D. Or. June 26, 2012) (600 page transcript justified $8,661.67 in fees); *Irwin v. Astrue*, 10-cv-545-HZ, 2011 WL 5865938, at *4 (D. Or. Nov. 22, 2011) (after reduction for block billing, awarding $16,612.86 for case involving nearly 2,000-page transcript); *Ball v. Astrue*, 09-cv-764-HU, 2011 WL 221835, at *1 (D. Or. Jan. 18, 2011) (describing "more than 1500 page" administrative record as "exceptionally long" and awarding $7,499.99 even though only one legally complex question presented); *Sprague v. Colvin*, 3:12-cv-00780-ST, 2013 WL 5306998, at *1 (D. Or. Sept. 20, 2013) (692 page record justified $9,491.62 in EAJA fees).

Further, I find Winton's attorney obtained an "excellent result" in the reversal and remand for further administrative proceedings.  Pl.'s Reply 20 (seeking reversal for finding of disability or remand for further proceedings); *see Williams*, 1:10-cv-00194-CL, 2012 WL 3527224, at *4 (excellent result to achieve relief plaintiff sought); *Kassa v. Colvin*, 2:15-cv-00513-BHS, 2016 WL 1055382, at *4 (W.D. Wash. Feb. 23, 2016) ("Plaintiff obtained a reversal of the ALJ decision and remand for review of the entire record, which is an excellent result."); *Schneider v. Colvin*, 1:14-cv-0034-SKO, 2016 WL 500595, at * 4 (E.D. Cal. Feb. 9, 2016) (reversal of ALJ's determination a "good outcome").

In sum, plaintiff's counsel has met her burden of establishing the hours she spent on the case were appropriate. *See Hensley*, 461 U.S. at 437 (plaintiff's burden to show entitled to EAJA award). I find the hours reported are reasonable, as are the fees plaintiff's counsel requests. She is entitled to payment of $189.78 per hour[1] for 69.44 hours, for a total of $13,178.32. In a case of this complexity, I find the following observation to be especially persuasive: "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees because the payoff is too uncertain." *Costa*, 690 F.3d at 1136 (internal quotation and alteration omitted).

## CONCLUSION

For the foregoing reasons, I grant plaintiff's Motion for Fees, Costs and Expenses Pursuant to the Equal Access to Justice Act [19] in the total amount of $13,193.32. Winton assigned his EAJA fee payment to his attorney. Accordingly, if the government determines Winton does not owe a federal debt, then the government shall cause the payment of the award to be made directly Nancy J. Meserow at the Law Office of Nancy J. Meserow.

IT IS SO ORDERED.

DATED this  6th  day of May, 2016.

 /s/ Garr M. King
Garr M. King
United States District Judge

---

[1] This amount accounts for the increase in the cost of living. Meserow Decl. ¶ 6.